UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, (FNMA),  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AYDIN T. ONER; COUNTRYWIDE DOCUMENT CUSTODY SERVICES, A DIVISION OF TREASURY BANK, N.A.; DOES I-X; and ROES 1-10 inclusive,  )<br>)<br>Defendants.  )<br>) | 2:12-cv-01771-RCJ-VCF<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Remand this Complaint to the Eighth Judicial District Court of Nevada. For the reasons stated herein, Plaintiff's motion is granted.

## BACKGROUND

This cases arises out of an action filed in a state court of Nevada by Plaintiff, Federal National Mortgage Association ("FNMA"), against Defendant, Aydin T. Oner ("Oner"); Countrywide Document Custody Services ("Countrywide");Does I-X and Roes 1-10 inclusive. Plaintiff filed the Complaint in the Eighth Judicial District Court of Nevada as Case Number A-12-667674-C on August 30, 2012. (Complaint, ECF No. 1). Plaintiff is seeking to judicially foreclose on a deed of trust. (*Id.*). Defendant, Oner, removed the case to this Court on October 10, 2012. (Pet. Removal Fed. Ct., ECF No. 1). Oner alleges this Court has jurisdiction based on diversity of citizenship. (*Id*.). Plaintiff now moves the Court to remand the action to the state court asserting diversity of citizenship does not exist between the parties. (Mot. Remand, ECF

No. 4). Plaintiff further argues, pursuant to 28 U.S.C. § 1441(b)(2), even if diversity existed, Oner is barred from removing the case based solely on diversity jurisdiction because he is a citizen of the state in which the action was brought. (Pl. Reply Oner's Resp. Mot. Remand ¶ 2, ECF No. 7).

## LEGAL STANDARDS

Federal courts are of limited jurisdiction, possessing only those powers granted by the Constitution or statute. *See United States v. Marks*, F.3d 799, 810 (9th Cir. 2008). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Section 1332(a) of Title 28 creates original jurisdiction in the district courts between citizens of different states where the matter in controversy exceeds the sum value of $75,000. 28 U.S.C. § 1332(a). Although Article III of the U.S. Constitution permits Congress to create federal jurisdiction where there is minimal diversity, i.e., where any plaintiff is diverse from any defendant, *State Farm Fire & Cas. Co. v. Tashire*, 386, U.S. 523, 530-31 (1967), section 1332 requires complete diversity, i.e., every plaintiff must be diverse from every defendant, *see Lincoln Prop Co. v. Roche*, 546 U.S. 81, 82 (2005) (citing *Strawbridge v. Curtis*, 7 U.S. 267 (1806)). Pursuant to the forum defendant rule in Title 28 U.S.C. § 1441(b)(2), even in cases of complete diversity between parties, where the defendant is a citizen of the forum state, he can not remove the action to the federal district court solely on the basis of diversity jurisdiction. *See Local Union 598 v. Jones Const. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1998).

## DISCUSSION

Defendant, Oner, argues 3 points in his opposition to this Motion to Remand. (Resp. Mot. Remand ¶¶ 1-2, ECF. No. 6). First, Oner believes that Plaintiff fraudulently joined Countrywide

for the purpose of defeating diversity jurisdiction. (*Id.*). Second, since Countrywide's principle place of business is Virginia, diversity still exists. (*Id.*). Third, if the Court is inclined to grant Plaintiff's motion, Oner requests the Court grant leave to conduct discovery to obtain factual information relating to diversity issues. (*Id.*). The Court finds Oner's arguments are rendered moot by virtue of the fact that his removal to this Court violated the forum defendant rule of Title 28 U.S.C. § 1441(b)(2) which states: A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed *if any of the parties in the interest properly joined and served as defendants is a citizen of the State in which such action is brought*. 28 U.S.C. § 1441(b)(2) (Emphasis added). Oner is a citizen of the state of Nevada. (Pet. Removal Fed. Ct. ¶ 2, ECF. No. 1). Oner has been properly served and named as a defendant in this action. (*Id.*). Oner removed the Complaint to this Court relying on diversity of citizenship pursuant to Rule 1332. (*Id.* at ¶ 1). Pursuant to 28 U.S.C. § 1441(b)(2), the Complaint should not have been removed to this Court. Therefore, the Court finds it lacks subject matter jurisdiction to hear this case and orders it be remanded to the state court for further proceedings. Further, Oner's request that the Court grant leave to conduct discovery to obtain information relating to diversity issues is denied.

**CONCLUSION**

      IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 4) is GRANTED. Further, IT IS HEREBY ORDERED that Defendant's request to grant leave to conduct discovery relating to diversity issues is DENIED.

      IT IS SO ORDERED.

Dated this 25th day of March, 2013.

                                              _____
                                                   ROBERT C. JONES
                                               United States District Judge